```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SONS OF THE REVOLUTION IN THE STATE  :
OF NEW YORK, INC.,                                 :
                                        Plaintiff,  :     14 Civ. 03303 (LGS)
                                                            :
                    -against-                       :
                                                            :     OPINION AND ORDER
THE TRAVELERS INDEMNITY COMPANY  :
OF AMERICA  and CONSOLIDATED          :
EDISON COMPANY OF NEW YORK, INC., :
                                        Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      This action was removed from New York state court by Defendant The Travelers Indemnity Company of America ("Travelers").  Plaintiff, Sons of the Revolution in the State of New York, Inc., brings this action against Travelers and Consolidated Edison Company of New York, Inc. ("ConEd") for injury to its business and property at Fraunces Tavern.  Plaintiff moves to remand the action to state court.  Travelers cross-moves to sever the claims against it from the claims against non-diverse Defendant ConEd, so that Travelers' claims may proceed in federal court.  For the reasons that follow, Plaintiff's motion is granted, Travelers' motion is denied, and the case is remanded in its entirety.

**I.     BACKGROUND**

      Plaintiff is a not-for-profit organization incorporated in New York with its principal place of business in New York.  It owns and maintains several buildings, including the property and business at issue, Fraunces Tavern, an historic restaurant and museum in downtown Manhattan. Fraunces Tavern is supplied gas and electricity by ConEd, a public utilities company incorporated in New York with its principal place of business in New York.  Fraunces Tavern is

1

insured under a policy issued by Travelers, a company organized under the laws of Connecticut with its principal place of business in Connecticut.

The policy is an "all-risks policy" and covers "direct physical loss of or damage [to insured property]" and loss of business.  Various exclusions and limitations apply if the loss or damage is caused by certain events, including, with certain exceptions, "[t]he failure or fluctuation of power or other utility service supplied to the described premises . . . ."  The policy also includes "utility services" coverage, extending to loss or damage to insured property that is "caused by the interruption of service to the [insured property]."

On October 29, 2012, Sandy hit New York City, flooding the basement and first floor of Fraunces Tavern.  Around the same time, ConEd shut off power, leaving Fraunces Tavern without electricity or gas.  Electricity was restored shortly after Sandy occurred, but Fraunces Tavern remained without gas for approximately two months and without phone or internet service (supplied by other providers) for approximately three months.

On April 3, 2014, Plaintiff commenced this action against Defendants in New York state court, asserting five causes of action, the first four against Travelers and the fifth against ConEd.  Counts One through Four seek a declaratory judgment that the following losses are covered under the Policy:  (1) business interruption losses resulting from the interruption of utility services; (2) the cost of demolishing, removing and replacing electrical equipment as required by a directive of the New York City Department of Buildings; (3) property damage losses caused by the interruption of utility services; and (4) the loss of business income and extra expense due to the cutoff of gas by ConEd.  Count Five asserts that ConEd negligently shut down electricity and breached its duty to warn customers of the shutdown.

On May 7, 2014, Travelers removed the action to federal court on the basis of federal diversity jurisdiction. Plaintiff then filed a motion to remand and Travelers cross-moved to sever the claims against it from those against ConEd so that the case against Travelers can proceed separately in federal court.

## II.     STANDARD

Under the removal statute, a defendant may remove an action from state court if it originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Where removal is based on diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff(s) and the defendant(s). *See id.* § 1332; *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Accordingly, "[w]here . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

## III.    DISCUSSION

In support of its motion to remand, Plaintiff asserts that Travelers improperly removed this action because Plaintiff and Defendant ConEd are both citizens of New York, and complete diversity is lacking. In opposition to the motion to remand, and in support of its motion to sever, Travelers argues that severance is appropriate under Rule 21 of the Federal Rules of Civil Procedure, which permits a court to sever a non-diverse party that is not indispensable in order to

3

maintain jurisdiction.  In the alternative, Travelers asserts that claims against non-diverse Defendant ConEd were fraudulently misjoined in order to defeat removal, warranting severance of the claims against ConEd so that diversity jurisdiction over the claims against Travelers will be proper.  For the reasons that follow, Plaintiff's motion is granted, and Travelers' motion is denied.

> A.     **Dismissal under Rule 21**

Travelers moves to sever the claims against it under Rule 21 of the Federal Rules of Civil Procedure.  Rule 21 states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  The Second Circuit has interpreted Rule 21 to empower a court to drop a non-diverse party in order to preserve diversity jurisdiction, provided the non-diverse party is not "indispensable" under Rule 19(b).[1]  *CP Solutions PTE v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (per curiam) (describing interplay between Rule 21 and Rule 19(b)).

While Rule 21 is routinely employed in cases that *began* in federal court, the "[f]ederal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent."  *Brown v. Endo Pharm., Inc.*, No. 14–0207–WS–B, 2014 WL 3864626, at *7 (S.D. Ala. Aug. 5, 2014) (collecting cases).  Judicial reluctance to employ Rule 21 in the removal context stems from the concern that application of Rule 21 would circumvent the strict constraints of the removal statute and unduly expand diversity jurisdiction.  *E.g.*, *Phillips v. R.R. Dawson Bridge Co., LLC*, No. 2:14–cv–00480–LSC, 2014 WL 3970176, at *5

---

[1] Rule 19(b) provides four factors to be considered in assessing whether a party is indispensable: (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action; (2) the extent to which any prejudice could be alleviated; (3) whether a judgment in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.  Fed. R. Civ. P. 19(b).

(N.D. Ala. Aug. 12, 2014) ("If a defendant could sever non-diverse defendants in order to establish removal jurisdiction, many defendants would likely attempt to seek this post-removal action by the courts in order to avoid meeting the burdens associated with fraudulent joinder. Such a broad right would be inconsistent with the strict construction of the removal statute and the presumption in favor of remand."); *Hagensicker v. Bos. Scientific Corp.*, No. 12–5018–CV–SW–RED, 2012 WL 836804, at *4 (W.D. Mo. Mar. 12, 2012) ("if the Court were to sever the treating healthcare defendants, it would be severing parties that were properly joined in order to create subject-matter jurisdiction where it would not otherwise exist"); *Echols v. OMNI Med. Grp., Inc.*, 751 F. Supp. 2d 1214, 1217 (N.D. Okla. 2010) ("The court could create diversity jurisdiction only by using Rule 21 to sever the claims against [one of the defendants], but concludes that severance in this case would constitute an impermissible use of the federal rules to extend federal diversity jurisdiction"). These concerns are compelling and counsel against the application of Rule 21 on the facts of this case.

Severance under Rule 21 is within the broad discretion of the district courts. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (alteration in original) (internal quotation marks and citation omitted). Courts in this Circuit have declined to apply Rule 21 in removed cases where "dismissal of the non-diverse defendants pursuant to Fed. R. Civ. P. 21 to establish complete diversity of citizenship would result in duplicative, wasteful litigation in federal and state courts that could result in conflicting rulings." *Nolan v. Olean Gen. Hosp.*, No. 13–CV–333–A, 2013 WL 3475475, at *1 (W.D.N.Y. July 10, 2013); *accord Humphrey v. Riley*, No. 14 Civ. 80, 2014 WL 3400964, at *4 (N.D.N.Y. July 10, 2014). Here, the possibility of duplicative discovery is substantial in light of the overlap in the facts underlying Plaintiff's claims. Accordingly, severance on the basis of Rule 21 is not warranted.

### B.     Fraudulent Misjoinder

Travelers also moves to sever the claims against it on grounds of fraudulent misjoinder. The doctrine of fraudulent misjoinder does not provide a basis to sever the claims against Travelers, because those claims were properly joined under New York law to the claims against ConEd.

As defined by district courts in this Circuit, "[f]raudulent misjoinder occurs when a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y. 2006) (internal quotation marks omitted). Fraudulent misjoinder was first recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000), and has yet to be addressed by the Second Circuit. Fraudulent misjoinder is distinct from the doctrine of fraudulent joinder, which requires a showing of outright fraud in the pleadings, or the impossibility that a plaintiff can state a cause of action against the non-diverse defendant in state court. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

The "majority of federal courts" evaluate claims of fraudulent misjoinder by applying the relevant state law rule for permissive joinder rather than the federal rule. *In re Propecia (Finasteride) Prod. Liab. Litig.*, Nos. 12–MD–2331 (JG)(VVP), 12–CV–2049 (JG)(VVP), 2013 WL 3729570, at *11 (E.D.N.Y. May 17, 2013) (collecting cases). The New York rule of civil procedure governing permissive joinder is nearly identical to its federal corollary, Rule 20(a), and permits joinder of defendants "against whom there is asserted any right to relief jointly,

severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences" if "any common question of law or fact would arise." N.Y.C.P.L.R. § 1002(b) (McKinney 2014).

Assuming that the doctrine of fraudulent misjoinder is valid in this Circuit, Travelers has not shown that its application is warranted here, because Travelers and ConEd were properly joined under N.Y.C.P.L.R. § 1002(b). Each of Plaintiff's claims arises out of the same occurrence—the loss of utilities services at Fraunces Tavern. Although there is no common question of law because Plaintiff asserts distinct legal theories against each of the Defendants— one based in contract, the other based in tort—the determination of both claims will rely on factual questions relating generally to the cause of Plaintiff's various damages, and specifically to ConEd's interruption of utilities services. Travelers' policy explicitly links its coverage and exclusion to the cause of damage. Similarly, a threshold question for Con Ed's liability is the extent to which it caused Plaintiff's damages. In addition, one of Plaintiff's contractual claims relates to the coverage provided specifically for interruption of utilities services. This factual overlap is sufficient to satisfy the requirement of "any common question of law or fact" and defeats the claim of fraudulent misjoinder. *Accord J.O.B Invs., LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 777-78 (E.D. La. 2012) (rejecting argument that contractors and insurer were fraudulently misjoined because a "central issue" in the plaintiff's claims against both defendants was the cause of the damage to plaintiff, which would "inform the assessment of whether exclusions in [the] policies bar coverage of the plaintiff's damages and whether the contractors were negligent or breached the terms of their contracts with plaintiff.").

In advocating a contrary result, Travelers relies on three cases decided by the Eastern District of Louisiana in the wake of Hurricane Katrina, where the court severed claims against

tortfeasors and insurance company defendants.  These cases are neither binding on this Court, nor are they analogous to the facts in this action.  In the cited cases, the only factual overlap between the claims at issue was the occurrence of Hurricane Katrina.  None of the insurance policies involved coverage relating specifically to a service provided by the co-defendant.  *See Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06 Civ. 3809, 2006 WL 2524165, at *2 (E.D. La. Aug. 30, 2006) (severing claims where Hurricane Katrina was "[t]he only common factual thread between the claims" against a parish for negligent maintenance of a pumping and draining system and an insurer for denial of coverage); *Berthelot v. Boh Bros. Constr. Co., L.L.C.*, No. 05 Civ. 4182, 2006 WL 1984661, at *12 (E.D. La. June 1, 2006) (severing claims where negligence claim against entity responsible for maintaining levies had "virtually no relation to the claims" against the insurers); *Savoie v. Safeco Ins. Co. of Am.*, No. Civ. 7808, 2007 WL 675304, at *1 (E.D. La. Feb. 27, 2007) (severing claims against insurer and contractor where coverage claims resulting from Hurricane Katrina-inflicted damage was "wholly independent [of] allegations of improper construction and repair that occurred months after Hurricane Katrina.").

Because Plaintiff's claims against Travelers and ConEd raise common questions of fact, and arise out of the same occurrence, the claims were properly joined, and Travelers' assertion of fraudulent misjoinder fails.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand the case in its entirety is GRANTED, and Travelers' motion to sever is DENIED.  The Clerk of Court is directed to close

the motions at docket numbers 23 and 27, and REMAND all claims to the Supreme Court of the

State of New York, New York County.

SO ORDERED.

Dated: December 11, 2014
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**